IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JAN 28 P 4: 34

CLERK_____
SO. DIST. OF GA.

TERRENCE BIGGERS,

Plaintiff,

v. : CIVIL ACTION NO.: CV612-115

JAMES DEAL; STANLEY WILLIAMS;
JOHNNY DAVIS; EARL TOPPINGS;
and RICHARD BUNCH,

Defendants.

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Terence Biggers ("Plaintiff"), an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to

AO 72A
(Rev. 8/82)

state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that on July 10, 2012, at around 1:45 a.m. COII Earl Toppings and COII Richard Bunch opened his cell door to escort his cellmate to be transferred. Plaintiff alleges that handcuffs were not placed on him or his cellmate "resulting in [him] getting assaulted, beat up, stabbed, and front tooth chipped by other unknown inmates who were allready [sic] out their cells also uncuffed [sic] with homemade weapons." (Doc. No. 1, p. 5). Plaintiff alleges that at around 2:20 a.m. L.T./O.I.C. Johnny Davis cleaned his wounds which were allegedly the result of the incident alleged to have occurred at 1:45 a.m. Plaintiff further alleges that "because there is no medical staff present at night, [he] bled untill [sic] [he] received 8 stitches at 9:30 am [sic]." (Id.). Plaintiff named Warden Stanley Williams, Deputy Warden James Deal, Davis, Toppings, and Bunch as Defendants in this action. Plaintiff listed numerous theories of

AO 72A
(Rev. 8/82)

liability for which he asserts his allegations state valid causes of action. Additionally, Plaintiff listed several forms of requested relief.

As an initial matter, Plaintiff requests an injunction in an effort to protect himself from further danger. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of St. Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Because Plaintiff is no longer housed at Smith State Prison, an injunction is not necessary to prevent irreparable injury. Consequently, Plaintiff's request for injunctive relief should be **denied**.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

AO 72A
(Rev. 8/82)

Plaintiff fails to make any factual allegations that Williams and Deal were personally involved in any way with the alleged failure to protect and deliberate indifference. Additionally, "[s]ection 1983 will not support a claim based on a *respondeat superior* theory of liability." Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1035 (11th Cir. 2001) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). Therefore, Plaintiff has not shown that he is entitled to relief against Williams or Deal, and they should be **dismissed** as Defendants in this action.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted). Deliberate indifference "requires more than ordinary lack of due care for the prisoner's interests or safety." Id. (internal punctuation and citation omitted). Importantly, with regard to a prison official's state of mind, a subjective standard is used, requiring the prison official to know of and disregard an excessive risk to inmate health or safety. Id. at 837. "[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal punctuation and citation omitted). Plaintiff alleges that Davis tended to his medical needs following the incident wherein Plaintiff allegedly sustained injuries at the hands of other inmates. Plaintiff's Complaint insinuates that Davis's medical care was inadequate, alleging that "because there is no medical staff present at night, [he] bled untill [sic] [he] received 8 stitches" later in the morning. (Doc. No. 1, p. 5).

AO 72A
(Rev. 8/82)

However, Plaintiff's allegations are not sufficient to plead a claim for deliberate indifference to medical needs against Davis. As a result, Davis should be **dismissed** as a Defendant in this action.

A prison officials duty to "take reasonable measures to guarantee the safety of the inmates," Farmer, 511 U.S. at 832, is also violated when prison officials show a deliberate indifference to a substantial risk of serious harm to a prisoner's safety. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to succeed on a deliberate indifference to safety claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendants showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendants' acts or omissions and the alleged constitutional deprivation. Id. Plaintiff's allegation that Toppings and Bunch failed to protect him from "other unknown inmates who were allready [sic] out their cells also uncuffed [sic] with homemade weapons," when read in a light most favorable to Plaintiff, arguably states a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A for deliberate indifference to Plaintiff's safety. However, Plaintiff sued Toppings and Bunch in both their individual and official capacities. "A suit against an official in his or her official capacity is not a suit against the official but is rather a suit against the official's office." Love v. Tift Cnty., Ga., 2010 WL 1257998, *6 (M.D. Ga. 2010) (quoting Smith v. Allen, 502 F.3d 1255, 1275 (11th Cir. 2007)). "A suit for money damages against a state officer in his official capacity is therefore a suit against the state and is barred by the Eleventh Amendment." Id. (citing Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994)). Consequently, Toppings and Bunch are subject to suit for money

AO 72A
(Rev. 8/82)

damages only in their individual capacities. Plaintiff's claims for money damages against Toppings and Bunch in their official capacities should be **dismissed**.

A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Toppings and Bunch by the United States Marshal without prepayment of cost. If either Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANTS**

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the

6

case are taken <u>within the 140-day discovery period</u> allowed by this Court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number[.]" FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own
8

records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

### **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED and REPORTED AND RECOMMENDED**, this 28th day of January, 2013.

JAMES E. GRAHAM
UNITED STATE MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)