FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAY -8 A 10:07
CLERK P. Cews
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TERRENCE BIGGERS,

    Plaintiff,

v.

EARL TOPPINGS and
RICHARD BUNCH,

    Defendants.

CIVIL ACTION NO.: CV612-115

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. Defendants Toppings and Bunch ("Defendants") filed a Motion to Dismiss. Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff alleges that COII Earl Toppings and COII Richard Bunch (Defendants) opened his cell door to escort his cellmate to be transferred. Plaintiff alleges that handcuffs were not placed on him or his cellmate "resulting in [him] getting assaulted, beat up, stabbed, and front tooth chipped by other unknown inmates who were allready (sic) out (sic) their cells also uncuffed with homemade weapons." (Doc. No. 1, p. 5).

Defendants assert that Plaintiff fails to state a viable Eighth Amendment claim against them. Defendants also assert that they are entitled to qualified immunity.

AO 72A
(Rev. 8/82)

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants aver that Plaintiff's allegations against them fail to show that they were aware of a strong likelihood of imminent physical injury on Plaintiff by unnamed inmates. Defendants contend that Plaintiff makes no allegation that either of them had knowledge of a risk of serious harm to Plaintiff's safety or that these Defendants were on notice of a specific risk of harm to Plaintiff. Defendants assert that, even if Plaintiff's

2

allegations show a substantial risk of harm, he fails to show that Defendants were deliberately indifferent. Specifically, Defendants assert that Plaintiff makes no allegation that he made Defendants aware of any threat or fear he had or that Defendants were aware of specific facts allowing them to draw the inference that Plaintiff faced a substantial risk of serious harm. Defendants allege that Plaintiff's allegations against them reveal that their actions were negligent, at worst.

Plaintiff responds that Defendants were briefed about an ongoing gang war before he was assaulted. Plaintiff asserts that Defendant Toppings left several tray flaps opened after he passed out ice. Plaintiff also asserts that he was threatened by several unknown inmates. Plaintiff further asserts that Defendants were deliberately indifferent because they opened his cell doors without placing handcuffs on him or his cellmate, even though Defendants were aware of these threats. Plaintiff contends that the unknown inmates who had homemade weapons were also without handcuffs.[1]

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety and health of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Co., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and

---

[1] Plaintiff's assertion that he and his cellmate did not have handcuffs does not assist his claim that Defendants were deliberately indifferent to a serious risk of harm. If anything, being uncuffed would allow Plaintiff to defend himself against the alleged attack from the unknown inmates. It appears that Plaintiff's key allegation is that these other inmates, who were armed, were also uncuffed and Defendants were aware of the risk.

3

disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. All disputed facts are resolved in accord with the plaintiff's view of the facts. Purcell, 400 F.3d at 1320. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14.

"A substantial risk to a prisoner's safety may arise not only out of his individual situation, but out of an environment of longstanding and pervasive attacks to which all prisoners in his situation are exposed, and it may come from single or multiple sources." Staley v. Owens, 367 F. App'x 102, 107 (11th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 842-43 (1994)). "Nevertheless, a defendant may avoid liability by showing that: (1) he was unaware of the underlying facts indicating a substantial risk; (2) he believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent; or (3) he responded reasonably to the risk, even if the harm ultimately was not averted." Id. (internal punctuation and citation omitted).

A review of the pleadings indicates that it is at least plausible that Plaintiff's safety was at risk, that Defendants were aware of this risk, and that Defendants ignored this risk. Thus, Plaintiff has set forth sufficient factual allegations to survive Defendants' Motion to Dismiss. This portion of Defendants' Motion should be denied.

AO 72A
(Rev. 8/82)

## II. Qualified Immunity

Defendants assert that they are entitled to qualified immunity because Plaintiff fails to allege a violation of a clearly established constitutional right. Defendants allege that they were acting within the scope of their discretionary duties as employees of the Georgia Department of Corrections. Defendants state that they are entitled to qualified immunity because they cannot be held liable for a violation of Plaintiff's Eighth Amendment rights based on the facts Plaintiff asserts.

Qualified immunity protects a government official performing discretionary functions from suit in his individual capacity, so long as his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). A government official acts within his discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority. Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006). Once the government official has shown he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity: the court must determine whether plaintiff's allegations, if true, establish a constitutional violation, and whether the right was clearly

AO 72A
(Rev. 8/82)

established." Saucier v. Katz, 533 U.S. 194, 201 (2001)[2]; Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

Based on the pleadings before the Court, Defendants are not entitled to qualified immunity. Defendants arguably were performing their discretionary authority on the date in question. Plaintiff's assertions reveal that Defendants may have violated Plaintiff's clearly established right to be protected by Defendants from a known risk to his safety, as noted in the preceding section. See Farmer, 511 U.S. at 842-43. The undersigned notes that Plaintiff appears to have set forth factual assertions in his Response to Defendants' Motion that he failed to set forth in his original Complaint. However, these factual assertions do not rise to the level of an amendment. Rather, these factual assertions provide more facts in support of Plaintiff's original Eighth Amendment claims against Defendants. Additionally, this Court is to give a little more leniency to the pleadings filed by *pro* se plaintiffs. This portion of Defendants' Motion should be denied.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this ___8th___ day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] In Pearson v. Callahan, 555 U.S. 223, 236 (2009), the Supreme Court held that courts can exercise discretion in deciding which of the two Saucier prongs should be addressed first in light of the particular case at hand.