FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 AUG 15 P 4: 08
CLERK R. Cruz
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TERRENCE BIGGERS,

   Plaintiff,

v.              CIVIL ACTION NO.: CV612-115

EARL TOPPINGS and
RICHARD BUNCH,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Plaintiff filed a Motion for Summary Judgment, and Defendants filed a Response. For the reasons which follow, Plaintiff's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff alleges that COII Earl Toppings and COII Richard Bunch (Defendants) opened his cell door to escort his cellmate to be transferred. Plaintiff alleges that handcuffs were not placed on him or his cellmate "resulting in [him] getting assaulted, beat up, stabbed, and front tooth chipped by other unknown inmates who were allready (sic) out (sic) their cells also uncuffed with homemade weapons." (Doc. No. 1, p. 5).

AO 72A
(Rev. 8/82)

Defendants contend that Plaintiff's Motion is insufficient, as it does not comply with the Federal Rules of Civil Procedure or this Court's Local Rules. In addition, Defendants contend that Plaintiff has not shown that he is entitled to summary judgment.

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving parties. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving parties would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving parties' case or that the nonmoving parties would be unable to prove their case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In

AO 72A
(Rev. 8/82)

determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving parties. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

Plaintiff has failed to show that he is entitled to summary judgment as a matter of law. Plaintiff points to no evidence of record which establishes that there are no genuine disputes as to any fact material to his claims against Defendants. FED. R. CIV. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"). Moreover, this Court's Local Rules require a party moving for summary judgment to submit a brief in support of the motion, as well as a statement of material facts, which is to be supported by citations to the record. L.R. 56.1. Plaintiff has failed to submit a brief or a statement of material facts citing documents in the record in support of his Motion for Summary Judgment, in contravention of this Court's Local Rules and the Federal Rules of Civil Procedure.

It is unnecessary to address the alternative grounds Defendants set forth in their Response.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of August, 2013.

_/s/ James E. Graham_
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)