UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TERRENCE BIGGERS,

Plaintiff,

v.   6:12-cv-115

EARL TOPPINGS; and RICHARD BUNCH,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 27, recommending denial of Defendants' Motion to Dismiss. ECF No. 20. The Court concurs with the Magistrate Judge and so **ADOPTS** his opinion as the Court's. That said, the adoption of the R&R in this case raises troubling questions about the same Magistrate Judge's R&R in the case of *Maher v. Davis*, No. 6:12-cv-97, ECF No. 49 (S.D. Ga. Aug 29, 2013). Although the Court correctly dismissed *Maher*, it did so for reasons belied by this opinion. So, the Court **VACATES** its adoption order and judgment in *Maher* so it can substitute a judgment of dismissal in that case for the reasons in this opinion.

### II. BACKGROUND

Terrence Biggers and Thomas Maher were cell mates at Smith State Prison in July, 2012. *See Biggers*, ECF No. 1 at 5.[1] At that time, the prison was "in the midst of several different gang conflicts," *Maher*, ECF No. 1 at 6, which all correctional officers had been briefed on.[2] *Biggers*, ECF No. 24 at 1. On the night of July 10, around 1:45 a.m., correctional officers Earl Toppings and Richard Bunch came to Biggers' and Maher's cell in the administrative segregation unit of the prison. *Maher*, ECF No. 1 at 6; *Biggers*, ECF Nos. 1 at 5; 24 at 1. Toppings and Bunch opened the cell door manually, *Biggers*, ECF No. 1 at 5, in order to escort Maher "for an outside medical appointment at Georgia State Prison." *Maher*, ECF No. 1 at 6.

Toppings and Bunch did not at any point handcuff either Maher or Biggers. *Biggers*, ECF No. 1 at 5. Nor did they handcuff two other inmates already out of their cells when Maher's escort began. *Id.*; *Maher*, ECF No. 1 at 6. To top it all off, Toppings also failed to shut the tray flaps of several other cells in the same unit. *Biggers*, ECF No. 24 at 1.

Both Maher and Biggers suffered assaults from the two inmates out of their cells (both gang members), as well as from

---

[1] Citations to this case will be in the format "*Biggers*, ECF No. ___," while citations to *Maher v. Davis* will appear as "*Maher*, ECF No. ___."

[2] Maher makes a similar, but not identical, allegation. He states that the gang conflicts "caused all of Smith State Prison to be locked down at one point because of the death of a CRIP inmate." *Maher*, ECF No. 1 at 6. Although Maher does not say that all correctional officers had been briefed on the gang conflict as does Biggers, in light of the fact that officers almost certainly had to know about a prison-wide lockdown due to a death, the Court liberally construes Maher's allegations to insinuate the same as Biggers'. *See Stewart v. United States*, 646 F.3d 856, 857 n.1 (11th Cir. 2011) (noting that standards for the sufficiency of pro se pleadings are less stringent when the plaintiff is pro se).

the inmates in their cells (members of the same gang) through the flaps Toppings left open. *Biggers*, ECF No. 1 at 5; *Maher*, ECF No. 1 at 6.

Maher filed suit first, alleging Eighth Amendment failure to protect claims under 42 U.S.C. § 1983, along with claims related to allegedly inadequate medical care. *Maher*, ECF No. 1. Biggers followed suit shortly thereafter asserting similar claims. *Biggers*, ECF No. 1. Toppings and Bunch filed motions to dismiss in both cases. *Biggers*, ECF No. 20; *Maher*, ECF No. 40.

The Magistrate Judge in *Maher* recommended granting Defendants' motion to dismiss and this Court, after a de novo review of the record, concurred. *Maher*, ECF Nos. 49; 52. The same Magistrate Judge, however, earlier recommended *denying* Defendants' motion to dismiss in *Biggers*. *Biggers*, ECF No. 27. The discrepancy in recommendations, in two cases with virtually identical facts, claims, and motions to dismiss, cries out for, and now receives, renewed attention from the Court.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must "take all of the *factual* allegations in [a] complaint as true,"[3] but those allegations must raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability," it falls short of stating a claim for relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

### IV. DISCUSSION

Defendants in this case argue that Biggers "fails to state a plausible claim for a violation of his Eighth Amendment rights" because his complaint lacks "allegations that plausibly implicate that either Defendant knew that the unnamed inmate attacker posed a substantial risk of serious harm to [Biggers], or that either Defendant was deliberately indifferent to that risk." *Biggers*, ECF No. 20-1 at 2. Alternatively, Defendants argue they are entitled to qualified immunity. *Id.* In considering those arguments, the Magistrate Judge recommended denying Defendants' motion to dismiss. Yet in *Maher*, faced with a nearly identical set of arguments[4] on indistinguishable claims against Toppings

---

[3] Pro se prisoner complaints are entitled to a liberal construction in addition to the presumption of truth given plausible factual allegations. *See Bryant v. Ruvin*, 477 F. App'x 605, 607 (11th Cir. 2012) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard . . . and will, therefore, be liberally construed" (alteration in original)).

[4] Defendants also argued for dismissal in *Maher* for abuse of process. *See Maher*, ECF No. 40 at 6-7. The Magistrate Judge's R&R did not address this argument because it found Maher's complaint failed to state a claim.

2

and Bunch, the Magistrate Judge recommended granting Defendants' motion to dismiss. That discrepancy, in addition to raising eyebrows, is legally inappropriate.

The Court's discussion proceeds in two parts. First, the Court outlines the law relevant to Biggers' and Maher's Eighth Amendment claims and explains why it shows their complaints state claims. Second, the Court addresses why Maher's complaint nevertheless must suffer dismissal.

## A. Eighth Amendment Failure to Protect Claims

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1319 (11th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To demonstrate a violation of that duty, a prisoner must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Id.*

A prison official is deliberately indifferent if he knows of and disregards "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 1320. Simple negligence then is not actionable. *See Farmer*, 511 U.S. at 838 (noting that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment").

Biggers and Maher—given liberal construction of their complaints—both allege that at approximately 1:45 a.m., in the midst of a gang war known to all correctional officers, Defendants removed Maher from the cell he shared with Biggers without handcuffing either man. *Biggers*, ECF No. 1 at 5; *Maher* ECF No. 1 at 6. At the same time—again, 1:45 a.m., when prisoners almost certainly cannot be outside their cells—two gang members roamed the cell block, also without handcuffs on. *Biggers*, ECF No. 1 at 5; *Maher* ECF No. 1 at 6. Tray flaps on cells of other gang members remained open after Toppings passed out ice before coming to Biggers and Maher's cell. *Biggers*, ECF No. 24 at 1; *Maher*, ECF No. 1 at 6.

When Toppings and Bunch attempted to escort Maher out of his cell, the two unconfined gang members and those in cells with open tray flaps began to assault both Biggers and Maher with homemade weapons. *Biggers*, ECF No. 1 at 5; *Maher* ECF No. 1 at 6. Both men suffered stab wounds and other injuries as a result.

It is beyond peradventure that unrestrained gang members allowed to roam cell blocks freely at 1:45 a.m. during an ongoing gang war pose a substantial risk of serious harm, both to other inmates and to correctional officers. *See Staley v. Owens*, 367 F. App'x 102, 107 (11th Cir. 2010) (citing *Farmer*, 511 U.S. at 842-43) (holding that "[a] substantial risk to a prisoner's safety may arise . . . out of an environment of longstanding and pervasive attacks to

3

which all prisoners in his situation are exposed"). The weightier question is whether Defendants were deliberately indifferent to that risk.

Liberally construing Biggers' and Maher's complaints, the Court finds their allegations sufficient to show that Defendants objectively knew of the risk that the unrestrained gang members would assault Biggers and Maher. Defendants, like all other correctional officers at Smith State Prison, knew of the ongoing gang war. *Biggers*, ECF No. 24 at 1. Assuming Defendants were not blind, they also knew that some inmates were not in their cells at the time Toppings opened Biggers and Maher's cell. And Toppings had to have known—he's the one who opened them and then did not close them—that tray flaps on some cells remained open.

Although a closer call, the Court also finds that Biggers and Maher sufficiently allege that Defendants disregarded the substantial risk of assault. As noted, pro se pleadings are entitled to a liberal construction. *See Hughes*, 350 F.3d at 1160. Applying that standard, the Court reads Biggers and Maher's allegations to include subjective knowledge by Defendants that the gang member inmates out of their cells in the middle of the night, in the middle of an ongoing gang war, posed a serious threat to other prisoners.

Despite their knowledge, Defendants did nothing to prevent the assaults on Maher and Biggers. They did not handcuff or place in their cells the gang member inmates roaming free. In other words, Defendants were deliberately indifferent to a substantial risk of harm to Biggers and Maher. The Court therefore ***CONCURS*** with the Magistrate Judge's R&R.[5] Defendants' motion to dismiss, *Biggers*, ECF No. 20, is ***DENIED***. Biggers' Eighth Amendment claims against Bunch and Toppings, and only those claims, may proceed.

For the same reasons, the Court must ***VACATE*** its adoption order granting Defendants' motion to dismiss in *Maher*. *Maher*, ECF No. 52.[6] Maher's complaint nevertheless remains dismissed because of his abuse of process.

### B. Maher's Complaint

In his R&R in *Maher*, the Magistrate Judge explicitly declined to address Defendants' arguments for dismissal other than their assertion that Maher failed to state a claim. *See Maher*, ECF No. 49 at 8. But because the R&R incorrectly found no deliberate indifference, the Court reexamines Defendants' other arguments.

One in particular stands out as meritorious. Defendants assert that Maher lied in his complaint[7] when he answered no when asked whether he had filed any lawsuits in federal court other than those involved in this case. *Maher*, ECF No. 40 at 6. The resultant abuse of process, Defendants argue, warrants dismissal of Maher's complaint. *Id.* The Court agrees.

---

[5] To be clear, the Court also concurs with the R&R's recommendation that qualified immunity be denied based on the facts as pled.

[6] Like facts should produce like results. That's the beauty of legal rules consistently applied. But that unfortunately did not happen in the R&Rs from *Maher* and *Biggers*.

[7] Maher used a standard form in the Southern District of Georgia for prisoners wishing to bring § 1983 claims in federal court. *See Maher*, ECF No. 1.

4

28 U.S.C. § 1915(e)(2)(B)(i) requires dismissal of cases, like Maher's, filed in forma pauperis where the court determines "the action . . . is frivolous or malicious." Actions are malicious when, among other things, an indigent plaintiff commits an abuse of process by lying about having filed other lawsuits. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (approving district court dismissal of suit on abuse of process grounds because plaintiff "lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Maher committed that precise abuse of process when he filed his complaint. *See Maher*, ECF No. 1 at 2. When asked whether he had brought any lawsuits in federal court dealing with facts other than those in this case, Maher swore, under penalty of perjury, that he had not. *Id.* But Maher has filed at least three other lawsuits unrelated to the facts here—*Maher v. Hall*, No. 6:01-cv-68 (S.D. Ga.);[8] *Maher v. Smith*, No. 6:04-cv-93 (S.D. Ga.); and *Purser v. Smith*, No. 6:03-cv-157 (S.D. Ga.).

The Court will not tolerate perjury by any party, pro se or not. To ensure that Maher, and all other parties with matters before the court, understand that complete candor is the bedrock of our judicial process, the Court must dismiss Maher's complaint without prejudice.

V. **CONCLUSION**

The Magistrate Judge's R&R in *Biggers* recommending denial of Defendants' motion to dismiss, *Biggers*, ECF No. 27, is **ADOPTED** as the opinion of the Court because it correctly concludes that Biggers sufficiently alleges deliberate indifference by Defendants to a substantial risk of harm. Biggers' Eighth Amendment claims, and only those claims, may proceed.

For that same reason, the Magistrate Judge's R&R recommending granting Defendants' motion to dismiss in *Maher*, *Maher*, ECF No. 49, should not be the opinion of the Court. The Court therefore **VACATES** its adoption order in that case, *Maher*, ECF No. 52. Maher's complaint, however, is **DISMISSED WITHOUT PREJUDICE** because he lied in it about having filed other lawsuits.

So, the Clerk is **ORDERED** to (1) terminate Defendants' motion to dismiss in this case, *Biggers*, ECF No. 27; and (2) vacate the judgment of dismissal in *Maher*, *Maher*, ECF No. 53, and substitute a judgment of dismissal without prejudice.

This __ day of October 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[8] Maher disclosed this case in another answer to the § 1983 questionnaire. *See* ECF No. 1 at 1.

5